

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: LIBOR-BASED FINANCIAL ) INSTRUMENTS ANTITRUST LITIGATION ) | MDL Docket No. 2262 |

13CV0048-JLS-BLM

TO:   Jeffrey N. Lüthi
      Clerk of the Panel
      United States Judicial Panel
      on Multidistrict Litigation
      Thurgood Marshall Federal Judiciary Building
      One Columbus Circle, N.E., Room G-255
      Washington, DC 20002

## NOTICE OF TAG-ALONG ACTIONS

Pursuant to Rule 7.1(a) of the Rules of Procedure of the Judicial Panel on

Multidistrict Litigation, Defendant Deutsche Bank AG, through its counsel, hereby notifies the

Clerk of the Judicial Panel on Multidistrict Litigation (the "MDL Panel") of potential tag-along

actions and states as follows:

1.      The following potential tag-along actions are now pending in the United

States District Courts for the Northern District of California ("NDC"), the Central District of

California ("CDC"), and the Southern District of California ("SDC"):

- *Payne* v. *Bank of America Corp. et al.*, NDC Case No. 12-6571-SC (the
  "*Payne* Action")[1]

---

[1] A copy of the complaint in the *Payne* Action is attached as Exhibit A.  A copy of the Northern
District of California docket for the *Payne* Action is attached as Exhibit B.

- *City of Richmond* v. *Bank of America Corp. et al.*, NDC Case No. 13-0106-LB (the "*Richmond* Action")[2]

- *County of San Mateo* v. *Bank of America Corp. et al.*, NDC Case No. 13-0108-DMR (the "*San Mateo* Action")[3]

- *East Bay Municipal Utility District* v. *Bank of America Corp. et al.*, NDC Case No. 13-0109-EDL (the "*EBMUD* Action")[4]

- *City of Riverside* v. *Bank of America Corp. et al.*, CDC Case No. 13-0062-VAP (the "*Riverside* Action")[5]

- *County of San Diego* v. *Bank of America Corp. et al.*, SDC Case No. 13-0048-JLS (the "*San Diego* Action")[6]

2.     These potential tag-along actions involve common questions of fact and law with the actions consolidated in the Southern District of New York before Judge Naomi Reice Buchwald as *In re LIBOR-Based Financial Instruments Antitrust Litigation*, MDL No. 2262. *See* 8/12/11 Transfer Order (MDL Dkt. No. 128) at 1-2.[7]

---

[2] A copy of the complaint in the *Richmond* Action is attached as Exhibit C.  A copy of the Northern District of California docket for the *Richmond* Action is attached as Exhibit D.

[3] A copy of the complaint in the *San Mateo* Action is attached as Exhibit E.  A copy of the Northern District of California docket for the *San Mateo* Action is attached as Exhibit F.

[4] A copy of the complaint in the *EBMUD* Action is attached as Exhibit G.  A copy of the Northern District of California docket for the *EBMUD* Action is attached as Exhibit H.

[5] A copy of the complaint in the *Riverside* Action is attached as Exhibit I.  A copy of the Central District of California docket for the *Riverside* Action is attached as Exhibit J.

[6] A copy of the complaint in the *San Diego* Action is attached as Exhibit K.  A copy of the Southern District of California docket for the *San Diego* Action is attached as Exhibit L.

[7] A copy of the MDL Panel's August 12, 2011 Transfer Order is attached as Exhibit M.

3.      Additionally, these plaintiffs are all members of proposed or putative classes in the cases before Judge Buchwald as part of the MDL (the "MDL Actions"). *See infra* ¶¶ 15-17.

4.      The plaintiffs in the *San Mateo*, *EBMUD*, *Riverside*, and *San Diego* Actions have also each filed notices in the respective district courts in which their Actions were commenced stating that their complaints are related to the MDL Actions: *San Mateo* Dkt. No 4; *EBMUD* Dkt. No. 4; *Riverside* Dkt. No. 3; *San Diego* Dkt. No. 2. The notices filed in each of these Actions note that they "assert[] claims based on similar allegations" to those in the MDL Actions. *San Mateo* Dkt. No. 4 at 3; *EBMUD* Dkt. No. 4 at 3; *Riverside* Dkt. No. 3 at 3; *San Diego* Dkt. No. 2 at 3. [8]

5.      As explained in a recent Notice of Tag-Along Actions filed by JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. on January 3, 2013 (concerning two other tag-along actions), the MDL Panel has issued a series of orders since August 12, 2011 that have consolidated and transferred eleven cases to Judge Buchwald for coordinated or consolidated pretrial proceedings. *See* MDL Dkt. No. 144 at 2-3. On January 7, 2013, the MDL Panel issued an additional Conditional Transfer Order regarding the actions that were the subject of the Notice of Tag-Along Actions filed on January 3rd. *See* MDL Dkt. No 145 at 1-2. The plaintiff in one of these actions, *Maragos* v. *Bank of America Corp. et al.*, EDNY Case No. 12-06294, has filed an opposition to the Conditional Transfer Order. *See* MDL Dkt. No. 147. The Conditional Transfer Order was finalized with respect to the second action, *Los Angeles County Employees*

---

[8] The docket in the *Richmond* Action similarly indicates that the plaintiff has filed a Notice of Pendency of Other Actions or Proceedings, but at the time of this filing, the document was unavailable for electronic retrieval. *See Richmond* Dkt. No. 5.

*Retirement Association* v. *Bank of America Corp. et al.*, CDC Case No. 12-10903, on January 15. *See* MDL Dkt. No. 150.

6.    The transferred actions all involve common questions of fact insofar as the plaintiffs allege that the defendant banks manipulated the U.S. Dollar London Interbank Offered Rate ("USD LIBOR") by misrepresenting their borrowing costs to the British Bankers' Association (the "BBA"). *See* MDL Dkt. Nos. 128, 129, 132, 136, 139, 145.

7.    Additional actions alleging the same type of misconduct have been commenced in the Southern District of New York and are also pending before Judge Buchwald. In total, more than 30 cases are pending before Judge Buchwald as part of the USD LIBOR multidistrict litigation or are subject to the January 7th Conditional Transfer Order being opposed by the *Maragos* plaintiff.

8.    Judge Buchwald has consolidated several of the actions in the MDL into three putative class actions and appointed interim lead counsel for each proposed class. In addition, Judge Buchwald has allowed interim lead counsel for the three proposed classes to file amended complaints and permitted counsel for the plaintiffs in three individual actions to file amended complaints. Judge Buchwald has pending before her the defendants' fully briefed motions to dismiss these complaints and has stayed the other actions that are part of the MDL proceedings until she has ruled on the motions to dismiss.

9.    The *Payne*, *Richmond*, *San Mateo*, *EBMUD*, *Riverside*, and *San Diego* Actions are potential tag-along actions because they involve questions of fact and law common to those raised in the MDL Actions. *See* MDL Rule 1.1(h) (defining "tag-along action" to include "a civil action pending in a district court which involves common questions of fact with . . . actions previously transferred to an existing MDL").

10.     Like the MDL Actions, these cases each concern alleged efforts by the defendants, USD LIBOR panel banks, to artificially suppress USD LIBOR rates. *See Payne* Compl. ¶ 4; *Richmond* Compl. ¶ 3; *San Mateo* Compl. ¶ 3; *EBMUD* Compl . ¶ 3; *Riverside* Compl. ¶ 3; *San Diego* Compl. ¶ 3.

11.     In the *Payne* Action, the plaintiffs, Carl A. Payne and Kenneth W. Coker, allege that they obtained adjustable rate mortgages ("ARMs") indexed to USD LIBOR in connection with property purchases. *Id.* ¶¶ 69, 73. Plaintiffs allege that they were forced to pay higher "margins"—a fixed rate of interest assessed on top of the LIBOR rate—when their ARMs reset, because USD LIBOR was purportedly artificially depressed at the time the loans were originated. *Id.* ¶¶ 72, 76.

12.     In the *Richmond, San Mateo, EBMUD, Riverside,* and *San Diego* Actions, the plaintiffs—county and municipal government agencies and entities in the state of California, and a publicly owned utility (the *EBMUD* plaintiff)—each allege that they transacted in financial instruments in which they received payments indexed to USD LIBOR. *See Richmond* Compl. ¶¶ 245-47; *San Mateo* Compl. ¶¶ 244-48; *EBMUD* Compl. ¶¶ 241-43; *Riverside* Compl. ¶¶ 244-46; *San Diego* Compl. ¶¶ 241-43. They claim to have entered into these positions with both the defendants as well as non-defendant counterparties. *See Richmond* Compl. ¶ 246; *San Mateo* Compl. ¶ 245; *EBMUD* Compl. ¶ 242; *Riverside* Compl. ¶ 245; *San Diego* Compl. ¶ 242. Each complaint contains allegations that the plaintiffs entered into interest rate swaps where they received payments indexed to 1-month USD LIBOR, and, in exchange, paid a fixed rate of interest to a counterparty. For instance, in the *Richmond* Action, plaintiff alleges an interest rate swap where plaintiff paid a counterparty "a fixed interest rate of 3.99%, and would receive an interest rate of 68% of 1M LIBOR." *Richmond* Compl. ¶ 247; *see also San Mateo* Compl. ¶ 246;

*EBMUD* Compl. ¶ 243; *Riverside* Compl. ¶ 246; *San Diego* Compl. ¶ 243.  In addition, the *San Mateo* plaintiffs allege that they entered into guaranteed investment contracts ("GICs") and held floating rate securities tied to USD LIBOR.  *See San Mateo* Compl. ¶¶ 247-48.  Each plaintiff alleges that, as a result of the defendants' suppression of USD LIBOR rates, they received lower payments under these transactions than they otherwise would have received.  *See, e.g., Richmond* Compl. ¶ 245 (describing alleged suppression of LIBOR by defendants as "caus[ing] significant harm to Plaintiffs in the form of interest payments to Plaintiffs that were below what should have been paid to Plaintiffs"); *accord San Mateo* Compl. ¶ 244; *EBMUD* Compl. ¶ 241; *Riverside* Compl. ¶ 244; *San Diego* Compl. ¶ 241.

13.     Thus, the alleged manipulation of USD LIBOR giving rise to the claims asserted by the plaintiffs is substantially similar, if not identical, to the allegations giving rise to the claims asserted in the MDL Actions.  *Compare Payne* Compl. ¶ 4 ("For their own financial gain, Defendants misrepresented their borrowing costs to the BBA, which caused LIBOR to be artificially depressed.") *and, e.g., Richmond* Compl. ¶ 3 ("[T]he Defendants conspired to artificially suppress LIBOR . . . in order to increase their own profits as well as to create the illusion of financial strength by underreporting the interest rates that they were being charged to borrow money."), *with* 8/12/11 Transfer Order (MDL Dkt. No. 128) at 2 ("[P]laintiffs allege that defendants manipulated [LIBOR] by deliberately and intentionally understating their respective borrowing costs to the BBA . . . .").

14.     Moreover, the plaintiffs in each of these actions allege that the purported manipulative conduct is attributable to the same group of actors:  All of the defendants named in the *Payne*, *Richmond*, *San Mateo*, *EBMUD*, *Riverside*, and *San Diego* Actions have also been named as defendants in the MDL Actions.  *Compare Payne* Compl. ¶¶ 11-25; *Richmond* Compl.

¶¶ 25-41; *San Mateo* Compl. ¶¶ 24-40; *EBMUD* Compl. ¶¶ 21-37; *Riverside* Compl. ¶¶ 24-40; *San Diego* Comp. ¶¶ 21-37, *with, e.g., Schwab Money Market* Compl. ¶¶ 24-39; *Schwab Bank* Compl. ¶¶ 20-35; *Schwab Bond* Compl. ¶¶ 20-35; *City of Baltimore* Compl. ¶¶ 14-29; *Gelboim* Compl. ¶¶ 17-32; *Lieberman* Compl. ¶¶ 7-26.[9]

15.     In addition to sharing common facts and defendants, the class described in the *Payne* Action substantially overlaps with a proposed class in an action that is part of the MDL proceeding.  In *Adams v. Bank of America Corp.* (the "*Adams* Action"), No. 12-cv-07461,[10] the plaintiffs allege they are also borrowers with ARMs indexed to USD LIBOR who were charged higher rates when their mortgages reset, due to the defendants' alleged manipulation of USD LIBOR.  *See Adams* Compl. ¶¶ 125-27.  Based on these allegations, the *Adams* plaintiffs seek to bring claims on behalf of a class including "[a]ll persons or other legal entities" in the United States who entered into an ARM indexed to USD LIBOR that was "bundled into a securitized pool and sold on the open market" and "which security provided that the interest rate would adjust on a 'Change Date' on the first business day of the month" during the period between January 1, 2000 and February 2009.  *Id.* ¶ 109.  The *Adams* class would clearly overlap with the *Payne* plaintiffs' proposed class, which would include "[a]ll residents of the United States of America who obtained a LIBOR-indexed Adjustable Rate Mortgage loan" between March 2007 and March 2011.  *Payne* Compl. ¶ 78.

16.     Similarly, the plaintiffs in the *Richmond, San Mateo, EBMUD, Riverside,* and *San Diego* Actions are all members of a proposed class in one of the complaints in the MDL Actions.  Like these plaintiffs, the lead plaintiff in *Mayor and City Council of Baltimore* v.

---

[9] Copies of the complaints in the *Schwab Money Market, Schwab Bank, Schwab Bond, City of Baltimore, Gelboim,* and *Lieberman* Actions are attached as Exhibits N, O, P, Q, R, and S.
[10] A copy of the complaint in the *Adams* Action is attached as Exhibit T.

*Credit Suisse Group AG* (the "*City of Baltimore*" Action), No. 11-cv-5450, is a governmental entity alleging that it received artificially suppressed payments from derivatives transactions indexed to USD LIBOR because of the defendants' purported manipulation. *City of Baltimore* Am. Compl. ¶¶ 5-6, 8. The putative class in *City of Baltimore* is composed of "all persons or entities . . . that purchased in the United States, directly from a Defendant, a financial instrument that paid interest indexed to LIBOR . . . any time during the period August 2007 through May 2010." *Id.* ¶ 34. The *Richmond*, *San Mateo*, *EBMUD*, *Riverside*, and *San Diego* plaintiffs, each of whom allege that they transacted in financial instruments indexed to USD LIBOR with the defendants, clearly fall within this proposed class. *See Richmond* Compl. ¶ 264; *San Mateo* Compl. ¶ 265; *EBMUD* Compl. ¶ 260; *Riverside* Compl. ¶ 263; *San Diego* Compl. ¶ 260.

     17.    To the extent the *Richmond*, *San Mateo*, *EBMUD*, *Riverside*, and *San Diego* plaintiffs transacted in USD LIBOR-referencing derivatives with non-defendant counterparties, they may also be members of the proposed classes in two other MDL Actions— *33-35 Green Pond Road Associates* v. *Bank of America Corp.* (the "*Green Pond* Action"), No. 12-cv-5822, and *Courtyard at Amwell II LLC* v. *Bank of America Corp.* (the "*Courtyard* Action"), No. 12-cv-6693[11]—both of which have been stayed pending disposition of the motions to dismiss discussed above. *See supra* ¶ 8. Both the *Green Pond* and *Courtyard* Actions propose classes of "[a]ll persons or entities . . . who purchased U.S. dollar LIBOR-based derivatives" from any one of a list of named financial institutions, including Wells Fargo, Goldman Sachs, Morgan Stanley, The Bank of New York Mellon, and Capital One.[12] *Green*

---

[11] Copies of the complaints in the *Green Pond* and *Courtyard* Actions are attached, respectively, as Exhibits U and V.

[12] The full list of entities includes the following institutions (including any subsidiaries or affiliates): Wells Fargo &Company; Goldman Sachs Group, Inc.; Morgan Stanley; MetLife, Inc.; U.S. Bancorp; The PNC Financial Services Group, Inc.; The Bank of New York Mellon

*Pond* Compl. ¶ 34; *Courtyard* Compl. ¶ 43.  The *Richmond*, *San Mateo*, *EBMUD*, *Riverside*, and *San Diego* complaints each allege that the plaintiffs entered into USD LIBOR-linked derivatives transactions with non-defendant counterparties, and the *San Diego* complaint alleges a USD LIBOR-indexed interest rate swap transaction with Morgan Stanley Capital Services Inc., a subsidiary of one of the financial institutions listed in the proposed class definitions in both the *Green Pond* and *Courtyard* Actions.  *See Richmond* Compl. ¶¶ 245-47; *San Mateo* Compl. ¶¶ 244-48; *EBMUD* Compl. ¶¶ 241-43; *Riverside* Compl. ¶¶ 244-46; *San Diego* Compl. ¶¶ 241-43.

18.    Furthermore, almost all of the claims asserted by the plaintiffs in the *Payne*, *Richmond*, *San Mateo*, *EBMUD*, *Riverside*, and *San Diego* Actions have been asserted in the MDL Actions pending before Judge Buchwald.

19.    Two of the three claims alleged in the *Payne* Action (fraud and violation of the federal Racketeer Influenced and Corrupt Organizations Act) have been asserted in six cases that are among the MDL Actions pending before Judge Buchwald.  *See Adams* Compl. ¶¶ 135-63 (RICO); *Schwab Bond* Compl. ¶¶ 209-38 (RICO); *Schwab Bank* Compl. ¶¶ 208-37 (RICO); *Schwab Money Market* Compl. ¶¶ 221-50 (RICO); *Community Bank & Trust* Compl. ¶¶ 104-44 (RICO); *Berkshire Bank* Compl. ¶¶ 95-101 (fraud).[13]

20.    Six out of the seven claims alleged in the *Richmond*, *San Mateo*, *EBMUD*, *Riverside*, and *San Diego* Actions (fraud, interference with economic advantage, breach of the implied covenant of good faith, unjust enrichment, and violations of the Sherman Act and

---

Corporation; Capital One Financial Corporation; Ally Financial Inc.; Suntrust Banks, Inc.; BB&T Corporation; TD Bank US Holding Company; State Street Corporation; Citizens Financial Group, Inc.; American Express Company; Regions Financial Corporation; Fifth Third Bancorp; Keycorp Cleveland; Unionbancal Corporation; Northern Trust Corporation; Bancwest Corporation; M&T Bank Corporation; Harris Financial Corp; and BBVA USA Bancshares Inc. *See Green Pond Road* Compl. ¶ 34; *Courtyard* Compl. ¶ 43.

[13] The complaints in the *Community Bank & Trust* and *Berkshire Bank* actions are attached, respectively, as Exhibits W and X.

California's Cartwright Act) have been asserted in eleven cases among the MDL Actions. *In re LIBOR-Based Fin. Instruments Antitrust Litig.* Exchange-Based Plaintiffs Am. Compl. ¶¶ 245-53 (Sherman Act, unjust enrichment);[14] *City of Baltimore* Am. Compl. ¶¶ 220-30 (Sherman Act, unjust enrichment); *Gelboim* Am. Compl. ¶¶ 205-11 (Sherman Act); *Schwab Money Market* Compl. ¶¶ 214-20, 251-76 (Sherman Act, Cartwright Act, interference with economic advantage, breach of the implied covenant of good faith, unjust enrichment); *Schwab Bank* Compl. ¶¶ 201-07, 238-63 (Sherman Act, Cartwright Act, interference with economic advantage, breach of the implied covenant of good faith, unjust enrichment); *Schwab Bond* Compl. ¶¶ 202-08, 239-64 (Sherman Act, Cartwright Act, interference with economic advantage, breach of the implied covenant of good faith, unjust enrichment); *Berkshire Bank* Compl. ¶¶ 95-105 (fraud, unjust enrichment); *Green Pond* Compl. ¶¶ 168-74 (Sherman Act); *Courtyard* Compl. ¶¶ 177-83 (Sherman Act); *Lieberman* Compl. ¶¶ 157-60 (unjust enrichment); *Adams* Compl. ¶¶ 128-34, 170-72 (Sherman Act, unjust enrichment).  The *Gelboim*, *City of Baltimore*, *Schwab*, and Exchange-Based complaints are all subject to the motions to dismiss pending before Judge Buchwald.

21.     Given the common factual and legal issues, as well as the overlapping defendants, the transfer of the *Payne*, *Richmond*, *San Mateo*, *EBMUD*, *Riverside*, and *San Diego* Actions to Judge Buchwald in the Southern District of New York will conserve the resources of the judiciary and the parties.  Judge Buchwald has been overseeing the MDL Actions for over a year and has become familiar with the complex legal and factual issues surrounding USD LIBOR and its alleged manipulation.  Extensive motions to dismiss various state and federal claims arising out of the alleged misconduct are also pending before Judge Buchwald, and if

---

[14] The Exchange-Based Plaintiffs' complaint is attached as Exhibit Y.

these actions are not transferred, much of that work would need to be duplicated by the parties and the transferor courts, which could also result in possible inconsistent rulings.  Moreover, if the *Payne*, *Richmond*, *San Mateo*, *EBMUD*, *Riverside*, and *San Diego* Actions and the other MDL Actions survive motions to dismiss, the transfer of these actions for inclusion in the MDL would preserve the resources of the courts and the parties by reducing the burdens on witnesses and ensuring that the parties do not engage in duplicative discovery concerning the same factual and legal issues.  The parties would otherwise incur substantial and unnecessary expenses.  *See* 8/12/11 Transfer Order (MDL Dkt. No. 128) at 1-2 (holding that centralizing all actions alleging the manipulation of USD LIBOR "will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation," and "will eliminate duplicative discovery, prevent inconsistent pretrial rulings on class certification, discovery, and other pretrial issues, and conserve the resources of the parties, their counsel and the judiciary").

WHEREFORE, Deutsche Bank AG hereby notifies the MDL Panel of the foregoing potential tag-along actions.

Dated: January 16, 2013

Respectfully submitted,
/s/ Moses Silverman
Moses Silverman
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
msilverman@paulweiss.com
Tel:  (212) 373-3355
Fax: (212) 492-0355

*Counsel for Defendant Deutsche Bank AG*

# BEFORE THE JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: LIBOR-BASED FINANCIAL INSTRUMENTS ANTITRUST LITIGATION | MDL Docket No. 2262 |

## SCHEDULE OF POTENTIAL TAG-ALONG ACTIONS

| Parties | Court | Civil Action No. | Judge |
|---|---|---|---|
| **Plaintiffs:** Carl A. Payne, Kenneth W. Coker, individually, and on behalf of other members of the general public similarly situated<br><br>**Defendants:** Bank of America Corp.; Bank of America, N.A.; Barclays Bank PLC; Citigroup, Inc.; Citibank, N.A.; Coöperative Centrale Raiffeisen-Boerenleenbank B.A.; Credit Suisse Group AG; Deutsche Bank AG; HSBC Holdings PLC; HSBC Bank PLC; JPMorgan Chase & Co.; Chase Bank USA, N.A.; Lloyds Banking Group PLC; Royal Bank of Canada; Royal Bank of Scotland; UBS AG; West LB AG | Northern District of California | 12-6571 | Hon. Samuel Conti |
| **Plaintiffs:** City of Richmond; The Richmond Joint Powers Financing Authority; Successor Agency to the Richmond Community Redevelopment Agency<br><br>**Defendants:** Bank of America Corp.; Bank of America, N.A.; Bank of Tokyo-Mitsubishi UFT Ltd.; Barclays Bank Plc; Citigroup, Inc.; Citibank, N.A.; Coöperative Centrale Raiffeisen-Boerenleenbank B.A. (Rabobank); Credit Suisse Group AG; Deutsche Bank AG; HSBC Holdings Plc; JPMorgan Chase & Co.; JPMorgan Chase Bank, N.A.; Lloyds Banking Group Plc; HBOS Plc; Royal Bank of Canda; The | Northern District of California | 13-0106 | Hon. Laurel Beeler, Magistrate |

| | | | |
|---|---|---|---|
| Norinchukin Bank; Société Générale, S.A.; The Royal Bank of Scotland Group Plc; UBS AG; WestLB AG; Westdeutsche ImmobilienBank AG | | | |
| **Plaintiffs:** County of San Mateo; The San Mateo County Joint Powers Financing Authority<br><br>**Defendants:** Bank of America Corp.; Bank of America, N.A.; Bank of Tokyo-Mitsubishi UFT Ltd.; Barclays Bank Plc; Citigroup, Inc.; Citibank, N.A.; Coöperative Centrale Raiffeisen-Boerenleenbank B.A. (Rabobank); Credit Suisse Group AG; Deutsche Bank AG; HSBC Holdings Plc; JPMorgan Chase & Co.; JPMorgan Chase Bank, N.A.; Lloyds Banking Group Plc; HBOS Plc; Royal Bank of Canda; The Norinchukin Bank; Société Générale, S.A.; The Royal Bank of Scotland Group Plc; UBS AG; WestLB AG; Westdeutsche ImmobilienBank AG | Northern District of California | 13-0108 | Hon. Donna M. Ryu, Magistrate |
| **Plaintiff:** East Bay Municipal Utility District<br><br>**Defendants:** Bank of America Corp.; Bank of America, N.A.; Bank of Tokyo-Mitsubishi UFT Ltd.; Barclays Bank Plc; Citigroup, Inc.; Citibank, N.A.; Coöperative Centrale Raiffeisen-Boerenleenbank B.A. (Rabobank); Credit Suisse Group AG; Deutsche Bank AG; HSBC Holdings Plc; JPMorgan Chase & Co.; JPMorgan Chase Bank, N.A.; Lloyds Banking Group Plc; HBOS Plc; Royal Bank of Canda; The Norinchukin Bank; Société Générale, S.A.; The Royal Bank of Scotland Group Plc; UBS AG; WestLB AG; Westdeutsche ImmobilienBank AG | Northern District of California | 13-0109 | Hon. Elizabeth D. Laporte, Magistrate |
| **Plaintiffs:** City of Riverside; The Riverside Public Financing Authority<br><br>**Defendants:** Bank of America Corp.; Bank of America, N.A.; Bank of | Central District of California | 13-0062 | Hon. Virginia A. Philips |

| | | | |
|---|---|---|---|
| Tokyo-Mitsubishi UFT Ltd.; Barclays Bank Plc; Citigroup, Inc.; Citibank, N.A.; Coöperative Centrale Raiffeisen-Boerenleenbank B.A. (Rabobank); Credit Suisse Group AG; Deutsche Bank AG; HSBC Holdings Plc; JPMorgan Chase & Co.; JPMorgan Chase Bank, N.A.; Lloyds Banking Group Plc; HBOS Plc; Royal Bank of Canda; The Norinchukin Bank; Société Générale, S.A.; The Royal Bank of Scotland Group Plc; UBS AG; WestLB AG; Westdeutsche ImmobilienBank AG | | | |
| **Plaintiff:** County of San Diego<br><br>**Defendants:** Bank of America Corp.; Bank of America, N.A.; Bank of Tokyo-Mitsubishi UFT Ltd.; Barclays Bank Plc; Citigroup, Inc.; Citibank, N.A.; Coöperative Centrale Raiffeisen-Boerenleenbank B.A. (Rabobank); Credit Suisse Group AG; Deutsche Bank AG; HSBC Holdings Plc; JPMorgan Chase & Co.; JPMorgan Chase Bank, N.A.; Lloyds Banking Group Plc; HBOS Plc; Royal Bank of Canda; The Norinchukin Bank; Société Générale, S.A.; The Royal Bank of Scotland Group Plc; UBS AG; WestLB AG; Westdeutsche ImmobilienBank AG | Southern District of California | 13-0048 | Hon. Janis L. Sammartino |

3

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: LIBOR-BASED FINANCIAL ) INSTRUMENTS ANTITRUST LITIGATION ) ) | MDL Docket No. 2262 |

## CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2013, the foregoing Notice of Potential Tag-Along Actions, Schedule of Potential Tag-Along Actions, and exhibits attached thereto were filed through the ECF system, to be served electronically to the registered participants as identified in the Notice of Electronic Filing, and was served by the methods indicated below to the following parties:

**Via FedEx**

Clerk of the Court
United States District Court
Northern District of California
450 Golden Gate Avenue, Box 36060
San Francisco, CA 94102-3489

**Via FedEx**

Clerk of the Court
United States District Court
Central District of California
312 North Spring Street
Los Angeles, CA 90012-4701

**Via FedEx**

Clerk of the Court
United States District Court
Southern District of California
333 West Broadway, Suite 420
San Diego, CA 92101-3806

**Via FedEx**

Daniel Alberstone
BARON & BUDD, P.C.
15910 Ventura Boulevard, Suite 1600
Encino, CA 91436

*Counsel for Plaintiffs Carl A. Payne and Kenneth W. Coker*

1

**Via FedEx**

Bruce Reed Goodmiller
OFFICE OF THE CITY ATTORNEY
City of Richmond
450 Civic Center Plaza
Richmond, CA 94804

Joseph W. Cotchett
COTCHETT, PITRE & MCCARTHY, LLP
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010

*Counsel for Plaintiffs City of Richmond; The Richmond Joint Powers Financing Authority; and Successor Agency to the Richmond Community Redevelopment Agency*

**Via FedEx**

John C. Beiers
OFFICE OF THE COUNTY COUNSEL
Hall of Justice and Records
400 County Center, Sixth Floor
Redwood City, CA 94063-1662

Joseph W. Cotchett
COTCHETT, PITRE & MCCARTHY, LLP
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010

*Counsel for Plaintiffs County of San Mateo and The San Mateo Joint Powers Financing Authority*

**Via FedEx**

Jylana D. Collins
OFFICE OF GENERAL COUNSEL
East Bay Municipal Utility District
375 Eleventh Street
P.O. Box 24055
Oakland, CA 94623-1055

Joseph W. Cotchett
COTCHETT, PITRE & MCCARTHY, LLP
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010

*Counsel for Plaintiff East Bay Municipal Utility District*

**Via FedEx**

Gregory P. Priamos
OFFICE OF THE CITY ATTORNEY
3900 Main Street
Riverside, CA 92522

Joseph W. Cotchett
COTCHETT, PITRE & MCCARTHY, LLP
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010

*Counsel for Plaintiffs City of Riverside and The Riverside Public Financing Authority*

**Via FedEx**

Thomas E. Montgomery
OFFICE OF THE COUNTY COUNSEL
1600 Pacific Highway, Room 355
San Diego, CA 92101

Joseph W. Cotchett
COTCHETT, PITRE & MCCARTHY, LLP
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010

*Counsel for Plaintiff County of San Diego*

**Via FedEx**

Steven Wolowitz
MAYER BROWN LLP
1675 Broadway
New York, NY 10019-5820

*Counsel for Defendant Société Générale, S.A.*

Dated: January 16, 2013

Respectfully submitted,

/s/ Moses Silverman

Moses Silverman
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
msilverman@paulweiss.com
Tel: (212) 373-3355
Fax: (212) 492-0355

*Counsel for Defendant Deutsche Bank AG*

4